335 A.2d 920.

STATE *vs.* ARTHUR V. FALES.

APRIL 25, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. An indictment in two counts was returned against the defendant. Count I charged him with rape and

count II with attempt to commit "an abominable and detestable crime against nature, to wit, fellatio," upon the same person. After the trial before a justice of the Superior Court sitting with a jury, the defendant was found guilty on both counts. The trial justice denied the defendant's motion for a new trial and sentenced the defendant to a term of 20 years at the Adult Correctional Institutions on count I and, on count II, placed him on probation for 10 years to commence on his release from the Adult Correctional Institutions. The case is before this court on the defendant's appeal from the judgment of conviction.

His first contention is that the trial justice abused his discretion by refusing to permit the introduction of testimony concerning an affidavit containing alleged inconsistent statements of the prosecutrix. From the record, it is clear that the trial justice refused to admit the testimony on the grounds that the statements were not inconsistent and that defendant failed to establish a proper foundation.

The applicability of the requirement of laying a foundation depends, *ab initio*, on the existence of a legally cognizable inconsistency between the testimony of the witness and the prior statement sought to be introduced to impeach that witness. Thus, in order to reach the question of whether the circumstances of this case made necessary the laying of a foundation, we must first determine whether the testimony of the witness and her prior statements were in fact inconsistent.

A comparison of the statements contained in the affidavit with the testimony given by the complaining witness at trial indicates a material variance. In the affidavit the complaining witness said that she did not wish to prosecute Mr. Fales or to be a witness against him. She further stated that upon careful reflection she felt that she was partially responsible for what took place and that it was grossly unfair and unjust to prosecute Mr. Fales in the matter. She further stated:

"My conscience has bothered me since I made this report to the police four days after the alleged incident and I feel the ends of justice would be met if this charge against Arthur Fales be dismissed."

We cannot agree with the state's contention that these statements are consistent with her testimony at trial that she was forcibly raped by defendant. The language of the affidavit is clearly exculpatory of the guilt of defendant and should have been admitted into evidence for whatever weight the jury might give to it.

We turn, then, to the issue of whether defendant laid a proper foundation for the introduction of the inconsistent statements. The defendant did not employ the usual procedure of drawing the prosecutrix' attention to the inconsistencies during cross-examination. Instead, he attempted to introduce the affidavit through two of his own witnesses, the investigators, who had witnessed the execution of the statement. The state objected and the trial justice sustained the objection.

We are one of a diminishing number of jurisdictions which require as a prerequisite to an attempt to impeach a witness by the use of that witness' prior inconsistent statement, that during cross-examination such witness be informed of the circumstances in which the alleged prior inconsistent statement was made and the nature of its content. In *State* v. *Vaccaro,* 111 R. I. 59, 298 A.2d 788 (1973), we held that a proper foundation is laid when the witness to be impeached is informed of the time and place in which such statement was made and the identity of the person to whom it was addressed. It was our purpose in *Vaccaro* to provide for a moderate application of the rule that would tend to accomplish the basic purpose thereof while not precluding a reasonable use of impeaching evidence by the other party. In *Vaccaro* we said:

"The obvious purpose of the rule is to preclude surprise by requiring that the witness have an opportun-

ity to explain the inconsistent statement." *Id.* at 65, 298 A.2d at 791.

This rule, therefore, should be invoked only where it is necessary to accomplish its justifiable end, that is, to save the witness from the confusion and surprise that often accompany interrogation as to a prior inconsistent statement. Its application, however, is not to be an instrument for accomplishing the exclusion of such impeachment evidence by the other party. Hence, this requirement of laying a foundation during cross-examination should not be considered as an absolute prerequisite to the use of prior inconsistent testimony for impeachment purposes. To resort to the latter practice would obviously defeat the ends of justice. *See* 3A Wigmore, *Evidence* §1029 at 1032 (Chadbourn's rev. ed. 1970), wherein the text writer stated that to treat the requirement as indispensable and to be similarly applied in all cases "is the unfortunate practice in most American courts."

. In view of the thrust of our decision in *State* v. *Vaccaro*, *supra*, it is clear that in some cases the circumstances may be such as to obviate an application of the rule requiring the laying of the foundation during cross-examination. Since the purpose of the rule is to put the witness on notice, it follows that where it is reasonable to hold that the witness has knowledge of the circumstances of the statement, a court should not mechanically require that a foundation be laid before impeachment is allowed. In other words, where the facts of a case clearly disclose that the witness could be reasonably expected to have had full knowledge of the nature of the statement and the circumstances under which it was made, an application of the rule will not serve to save the witness from surprise and certainly may unreasonably obstruct the other party in an attempt to use the impeaching evidence. In such a case, the trial court should not require the formal laying of a foundation.

In our opinion, the character of the impeaching testimony, an affidavit subscribed and sworn to by the prosecutrix and containing statements exculpatory in nature, and its procurement within close proximity to trial, bring this case within the exception to the rule prescribed above. The record discloses that the witness had discussed such an affidavit with representatives of the department of the Public Defender on May 9, 1973, and that on the next day, May 10, four days before trial, she executed the affidavit at her place of residence with her grandmother present.

These circumstances preclude any reasonable conclusion other than that the witness at the time of the trial was fully aware of the nature and thrust of the affidavit and of the circumstances which surrounded its making. In other words, its introduction into evidence during the presentation of defendant's case could hardly have the effect of surprising or confusing her were she recalled for further cross-examination.

That being so, we conclude that the requirement for the laying of a foundation during cross-examination prior to the admission of the testimony has no application in this case. We, therefore, hold that the exclusion of the affidavit from evidence was reversible error. Because of the view we take on this issue, we need not reach the merits of the other contentions raised by the defendant.

The appeal of the defendant is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for a new trial.

Petition for reargument denied.

*Julius C. Michaelson,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, *William G. Brody,* Special Asst. Attorney General, for plaintiff.

*Raymond J. Daniels,* for defendant.